M. Paige Benjamin
Utah Bar No. 922
470 N. University Ave., Ste. 100
Provo, Utah 84601
Telephone:    (801) 822-9210
paigebenjamin@mac.com

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| MAX PEGLAU, Individually and On Behalf of Others Similarly Situated,<br><br>       Plaintiff,<br><br>v.<br><br>IMAGE LINE, LLC,<br><br>       Defendant. | **COMPLAINT**<br><br>Case No.: 2:17-cv-00196-BCW<br>Class & Collective Action |

### SUMMARY

1.   Max Peglau brings this collective and class action lawsuit against his employer, Image Line, LLC ("Image Line") to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") and the wage and hour laws of North Dakota. Peglau worked for Defendants as a Water Trucking Supervisor. Although he regularly worked in excess of 40 hours per week, Defendants failed to pay Peglau overtime pay. Instead, Defendants only paid him a day rate. This collective and class action seeks to recover the unpaid overtime wages and other damages owed to Peglau and similarly situated Water Truck Supervisors.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over the state law claims alleged herein under 29 U.S.C. § 1367(a)

4. Venue is therefore proper under 28 U.S.C. §§ 1391 (b) and (c) because one or more Defendants reside in this District and Division and because a substantial part of the events giving rise to this claim occurred in this District and Division.

## THE PARTIES

5. Peglau was employed by Image Line as a Water Trucking Supervisor. Image Line paid Peglau a day rate with no overtime compensation even though he regularly worked in excess of forty (40) hours in a week. Peglau's written consent is already on file.

6. In addition to his individual claims, Peglau bring this action on behalf of themselves and all other similarly situated Water Truck Supervisors. Image Line paid these blue collar oilfield workers a flat amount per day worked and did not pay them any overtime premium for hours worked in excess of 40 in a workweek, even though they regularly worked in excess of 84 hours in a workweek.

7. Image Line are companies operating under common management and/or control that provide water services to the oilfield industry. Image Line shared employees and equipment. Image Line employed and/or jointly employed Peglau.

## FACTS

8. Peglau and similarly situated Water Truck Supervisors were employed by Image Line. The Water Truck Supervisors delivered parts and paperwork to personnel working on oilfield sites and fill in for other workers as needed.

9. As part of their job duties, Water Truck Supervisors, including Peglau, regularly drive, load, and work on pickup trucks with a gross vehicle weight rating of less than 10,000 pounds.

10. The pickup trucks Water Truck Supevisors, including Peglau, regularly drove, loaded, and worked on included Dodge Ram 2500 pickups.

11. Water Truck Supervisors, including Peglau, did not regularly hire or fire other employees.

12. Water Truck Supervisors, including Peglau, did not make recommendations on a regular basis as to the hiring, firing, or change in status of other employees that were given particular weight.

13. Water Truck Supervisors, including Peglau, did not supervise two or more full time employees.

14. Water Truck Supervisors, including Peglau, did not manage a department or subdivision of Image Line.

15. Peglau was paid a day rate.

16. Image Line paid Peglau $375 per day worked.

17. Image Line is, or is part of, an enterprise engaged in commerce under the FLSA.

18. Image Line is subject to the FLSA's requirements.

19. In each of the past three years, Image Line, or the enterprise of which it is a part, had gross revenues in excess of $500,000.

20. Image Line's employees routinely handle or work on goods or materials – such as hard hats, tools, steel toe boots, automobiles, computers, and cell phones – that have moved in, or were produced for, interstate commerce.

21. Over the past three years, Image Line employed dozens of Water Truck Supervisors.

22. Image Line, at all relevant times, paid its Water Truck Supervisors, including Peglau, a day rate for the work they perform.

23. Image Line maintains employment records on their Water Truck Supervisors, including Peglau, can terminate their employment, determine their work locations, and set their compensation.

24. For the purposes of their right to overtime pay, Water Truck Supervisors perform similar job functions. To the extent their job duties vary, those differences are not relevant for determining their right to overtime pay.

25. As nonexempt employees, Water Truck Supervisors were entitled to overtime pay equal to one and one-half times their regular rates of pay for hours worked in excess of forty in a workweek.

26. Image Line, however, only paid their Water Truck Supervisors a flat amount per day for days they worked. Image Line did not pay their Water Truck Supervisors the additional overtime premium required by the FLSA.

27. Image Line scheduled Water Truck Supervisors, including Peglau, for 84 hours of work per week. As is typical in the oilfield they were usually scheduled to work 12-hour shifts.

28. Peglau regularly worked 7 days per week.

29. Peglau regularly worked more than 84 hours in a week because they often worked extra for safety meetings and traveling to and from work sites.

30. Image Line knows their Water Truck Supervisors work many more than 40 hours in a week because Image Line kept records of the hours they worked.

31. It is well established that blue collar workers – like Image Line's Water Truck Supervisors – are not exempt from the overtime provisions of the FLSA. Image Line knows its Water Truck Supervisors are not exempt from the FLSA's overtime provisions, North Dakota's overtime provisions, or the provisions of any similar state overtime laws. Nonetheless, Image Line does not pay its Water Truck Supervisors overtime for hours worked in excess of forty in a workweek.

32. Image Line also know Peglau was non exempt in his other positions because he was paid a day rate, which does not qualify for the FLSA's exemptions to overtime, North Dakota's overtime provisions, or the provisions of any similar state overtime laws.

33. Image Line received several complaints about their failure to pay overtime to their day rate workers, including to Water Truck Supervisors. Image Line, however, failed to correct their payroll policy.

### FLSA COLLECTIVE ACTION ALLEGATIONS

34. Image Line's practice of paying a day-rate with no overtime pay to non-exempt workers who work over forty hours in a workweek violates the FLSA.

35. Peglau brings his claims under the FLSA as a collective action on behalf of those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

36. Image Line's practice of paying a day rate with no overtime pay affects all the Water Truck Supervisors in a similar manner because, as explained above, the Water Truck Supervisors perform similar, non-exempt job duties. Accordingly, Image Line's Water Truck Supervisors are similarly situated because they are owed overtime for the same reasons as Peglau.

37. The collective action class is, therefore, properly defined as:

**All Water Truck Supervisors employed by Image Line during the last three years.**

## CLASS ACTION ALLEGATIONS

38. Peglau bring claims under the law of North Dakota on behalf of all similarly situated persons employed in North Dakota pursuant to Fed. R. Civ. P. 23 (the "North Dakota Class").

39. Image Line employed dozens of Water Truck Supervisors, including Peglau, during the past 3 years.

40. At least 40 Water Truck Supervisors have worked at least one workweek of more than 40 hours in North Dakota in the past 2 years.

41. Peglau's claims are typical of the claims of members of the North Dakota class.

42. Peglau and the members of the North Dakota Class have sustained damages arising out of Image Line's wrongful and uniform employment policy of paying a day rate with no overtime pay.

43. Peglau will fairly and adequately protect the interests of the North Dakota Class. He retained counsel who is experienced and competent in class action and employment litigation.

44. Peglau has no interest contrary to, or in conflict with, the members of the class. Like each member of the proposed class, they have an interest in obtaining the unpaid overtime wages owed under state law.

45. A collective/class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

46. Absent these actions, many members of the North Dakota Class likely will not obtain redress of their injuries and Image Line will retain the proceeds of their violations of the FLSA and the applicable state labor laws.

47. Furthermore, even if particular members of the North Dakota Class could afford individual litigation against Image Line, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

48. There is a well-defined community of interest in the questions of law and fact affecting the North Dakota Class as a whole. The questions of law and fact common to each member of the North Dakota Class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Image Line employed members of the North Dakota Class under state law;

    b. Whether Image Line improperly denied its Water Truck Supervisors overtime compensation;

    c. Whether Image Line's decision to not pay Water Truck Supervisors overtime was made in good faith;

    d. Whether Image Line's violations of the FLSA and/or the various state wage and hour laws were willful;

    e. Whether Image Line failed to pay Water Truck Supervisors overtime due to a uniform policy; and

    f. Whether Image Line kept adequate records of the hours worked by its Water Truck Supervisors.

49. Peglau is not aware of anything that will be encountered in the management of this litigation that would preclude its maintenance as a collective or class action.

50. The North Dakota Class is therefore properly defined as:

**All Water Truck Supervisors employed by Image Line since March 16, 2015.**

**FIRST CAUSE OF ACTION - VIOLATION OF THE FLSA**

51. By failing to pay Peglau and its other Water Truck Supervisors overtime at one-and-one-half times their regular rates, Image Line violated the FLSA's overtime provisions.

52. Image Line owes Peglau and its other Water Truck Supervisors the difference between the rate actually paid and the proper overtime rate. Because Image Line knew, or showed reckless disregard for whether, its pay practices violated the FLSA, it owes these wages for at least the past three years.

53. Image Line also owes Peglau and its other Water Truck Supervisors an amount equal to the unpaid overtime wages as liquidated damages.

54. Peglau and its other Water Truck Supervisors are entitled to recover all reasonable attorneys' fees, costs, interest, and expenses incurred in this action.

**SECOND CAUSE OF ACTION –
VIOLATION OF NORTH DAKOTA WAGE LAWS (NORTH DAKOTA CLASS)**

55. The conduct alleged violates North Dakota Century Code Title 34 and the North Dakota Minimum Wage and Work Conditions Order (N.D. Admin. Code § 46-02-07-01 et seq.) (the "North Dakota Wage Laws").

56. At all relevant times, Image Line was subject to the requirements of the North Dakota Wage Laws. At all relevant times, Image Line employed Peglau, and each member of the North Dakota Class, as an "employee" within the meaning of the North Dakota Wage Laws.

57. The North Dakota Wage Laws require an employer like Image Line to pay employees at one and one-half times the regular rate of pay for hours worked in excess of 40 hours in any one week. Peglau and the members of the North Dakota Class were entitled to overtime pay under the North Dakota Wage Laws.

58. But Image Line had a policy and practice of failing to pay overtime to Peglau and the other members of the North Dakota Class for hours worked in excess of 40 hours per workweek.

59. Peglau and the North Dakota Class seek unpaid overtime in amount equal to one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

60. Peglau and the North Dakota Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Image Line, as provided by North Dakota law.

**PRAYER**

Wherefore, Peglau prays for relief as follows:

1. An order allowing this action to proceed as a representative collective action under the FLSA;

2. An order certifying the Rule 23 classes for the claims brought under North Dakota law;

3. Judgment awarding Peglau and the other Water Truck Supervisors all unpaid overtime compensation, liquidated damages, penalty damages, attorneys' fees, costs, and expenses under the FLSA, North Dakota law, and any other applicable state laws;

4. Pre- and post-judgment interest at the highest rate allowable by law; and

5. All such other and further relief to which Peglau and the other Water Truck Supervisors may show themselves to be justly entitled.

Dated this 16th day of March, 2017.

Respectfully submitted,

**/s/ M. Paige Benjamin**
_____
M. Paige Benjamin
Attorney for Peglau